JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletree.com
Y. DOUGLAS YANG, CA Bar No. 307550
douglas.yang@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
C.H. ROBINSON INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA DAVID, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>C.H. ROBINSON INTERNATIONAL, INC., a Minnesota Corporation; and DOES 1-50,<br><br>       Defendants. | Case No. ___2:17-cv-5210_____<br><br>**DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28.U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Related Cases; Notice of Related Cases; Notice of Interested Parties; Corporate Disclosure Statement; Declarations of Sara Buesgens, John Vestal, and Y. Douglas Yang in Support of Removal]<br><br>Complaint Filed: June 16, 2017<br>Trial Date:    None<br>Judge:      TBD_____ |

30377018_3.docx

Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF LORENA DAVID AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant C.H. Robinson International, Inc. ("Defendant"), by and through the undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the on the grounds that (a) there is complete diversity of citizenship between plaintiff Lorena David ("Plaintiff"), a citizen of the State of California, and Defendant, which is citizen of Minnesota; (b) the amount in controversy exceeds $75,000.00; and (c) the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

**I.    THE STATE COURT ACTION**

1.    On or about June 16, 2017, Plaintiff filed an unverified Complaint against Defendant, entitled LORENA DAVID, an individual, Plaintiff, v. C.H. ROBINSON INTERNATIONAL, INC., a Minnesota Corporation; and DOES 1-50, Defendants, in Los Angeles County Superior Court, Case Number BC665242 (the "State Court Action").  The Complaint in the State Court Action asserts the following causes of action: (1) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Failure to Accommodate in Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (6) Wrongful Termination in Violation of Public Policy.

2.    On June 16, 2017, Defendant received, via its registered agent for service of process, a copy of the Summons and Complaint in this action, as well as copies of the Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Superior Court of California, County of Los Angeles, Notice

1

Case No. _____

of Case Assignment – Unlimited Civil Case (Non-Class Action); Alternative Dispute Resolution (ADR) Information Packet; and accompanying Stipulation forms. (Declaration of Sara Buesgens in support of Defendant's Notice of Removal, ¶¶3-5.) True and correct copies of Summons and Complaint, as well as of all process, pleadings, and orders served upon Defendant in the State Court Action, are attached as **Exhibit A** to this Notice of Removal. (*Id.*)

3. On July 13, 2017, Defendant filed its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to this Notice. (Declaration of Y. Douglas Yang in support of Defendant's Notice of Removal, ¶ 2.)

4. Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint.

## II. REMOVAL IS TIMELY

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

6. As set forth in Paragraphs 1 through 3, above, service of the Summons and Complaint on Defendant was effective on June 16, 2017. Because Defendant has filed this removal within 30 days of service of the Summons and Complaint on Compass, removal is timely.

## III. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

7. The State Court Action is a civil action over which this Court has original jurisdiction under the provisions of United States Code, Title 28, Section

2

Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1332, and is one that may be removed to this Court pursuant to United States Code, Title 28, Section 1441.

8. As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 United States Code §§ 1332(a), 1441(a) and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000.00, exclusive of interest and costs, as set forth below.

**A.** **There is Complete Diversity Between the Parties**

**i.** **Plaintiff is a Citizen of California**

9. "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Pfizer, Inc*., 265 F.3d 853, 857 (9th Cir. 2001). A person's "domicile is evaluated in terms of 'objective facts,'" and "courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew*, 797 F.2d at 750.

10. Here, at all times relevant to this action, Plaintiff has resided and been domiciled in the State of California. (Compl., ¶4; Declaration of John Vestal ("Vestal Decl."), ¶5.) Defendant's personnel and other employment records for

30377018_3.docx

3                   Case No. _____

Plaintiff indicate that, during the entire period of her employment with Defendant (through and including her termination), Plaintiff lived in Harbor City, California. (Vestal Decl., ¶5.)

11.    Therefore, Plaintiff is a citizen of the State of California for purposes of this removal.  *See Kantor*, 704 F.2d at 1090; *Kanter*, 265 F.3d at 857.

### ii.    Defendant is a Citizen of Minnesota

12.    Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend,* 559 U.S. 77 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

13.    Defendant was at the time of filing of this action, and still is, a corporation organized under the laws of Minnesota.  (Vestal Decl., ¶3.)  Further, Defendant's principal place of business is and has been in Eden Prairie, Minnesota, as that is the location of its headquarters from which its officers direct, coordinate, and control its business operations.   (*Id*.)

14.    Thus, at all material times, Defendant has not been incorporated in California, nor has it had a principal place of business in California.

15.    Accordingly, for purposes of determining diversity, Defendant is a citizen of Minnesota, and is not a citizen of California.

### iii.    The Citizenship of "Doe" Defendants Must be Disregarded

16.    The citizenship of fictitiously named "Doe" defendants is to be

30377018_3.docx

Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

disregarded for the purposes of removal.  28 U.S.C. § 1441(a).  Thus, inclusion of "Doe" defendants in a state court complaint has no effect on removability.  *See Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the named defendants are considered); *cf. also Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition).  Therefore, Plaintiff's inclusion of Does 1 through 50 in the Complaint cannot defeat diversity jurisdiction.

17.    Therefore, complete diversity among the parties exists now, and did so the time of the filing of this action.

## B.    The Amount in Controversy Exceeds $75,000

18.    From the allegations of the Complaint, it is evident that, at present, and at the time of filing, the amount in controversy exceeded and still exceeds $75,000, this Court's jurisdictional minimum.  *See Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 400-04 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin. Servs., Inc*., 75 F.3d 311, 315 (7th Cir. 1996).  Where, as here, the complaint does not specify a particular amount of damages, the removing defendant need only establish by a preponderance of evidence that the amount in controversy exceeds $75,000.  *Sanchez*, 102 F.3d at 403-04.  The removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000.  *Id*.

19.    In her Complaint, Plaintiff seeks, among other things, economic damages, compensatory and general damages, punitive damages, costs of suit and attorneys' fees, pre-judgment interest, and all other relief that the Court deems just

30377018_3.docx

Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

and proper.  (Compl., pp. 13-14.)  Based on the allegations in the Complaint, Defendant estimates that the amount of alleged compensatory damages sought by Plaintiff in this action (including for lost wages, punitive damages, and attorneys' fees) is well in excess of $75,000.00.  Specifically, Defendant calculates the amount in controversy as follows:

20.     Back Pay.  Plaintiff's termination occurred on or about June 30, 2016. (Compl., ¶25.)  At the time of Plaintiff's termination, she received $27.18 per hour. (Vestal Decl., ¶6.)  This amounts to a weekly salary of approximately $1,087.20 (based on a 40-hour workweek).  Approximately fifty-four (54) weeks have passed since Plaintiff's termination.  Thus, to date, the value of Plaintiff's claim for back pay amounts to $58,708.80, not factoring in any additional damages for lost pay she may seek at trial.  This amount also does not even take into account (i) the value of employee benefits which Defendant provided to Plaintiff, and which she would have been entitled to received, had she remained employed; (ii) the value of overtime wages Plaintiff may have earned had she remained employed; and (iii) any alleged lost future wages and benefits.

21.     Emotional Distress and Punitive Damages.  Plaintiff also alleges that she has suffered emotional distress (*see*, *e.g*., Compl., ¶¶29, 38, 46, 55, 62, 69), and hence the damages for this distress, although not specified in the Complaint, are also properly considered in calculating the amount in controversy.  *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint.").  Similarly, Plaintiff has requested and could obtain an award of punitive damages (*see*, *e.g*., Compl., ¶¶ 30, 40, 48, 57, 64, 71), which are therefore also included in calculating the amount placed in controversy.  *See Simmons*, 209 F.Supp.2d at 1033 (finding that the court could consider punitive damages when determining the amount in controversy where the plaintiff brought claims pursuant to FEHA, through which punitive damages were available); *Bell v.*

30377018_3.docx

*Preferred Life Assurance Soc'y*, 320 U.S. 238, 240-41 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).  Reference to prior employment cases – even if the cases are not perfectly analogous – is appropriate in determining the value of claims for emotional distress and punitive damages.  *Simmons*, 209 F.Supp.2d at 1033-34 ("To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts.").  In employment cases, emotional distress and punitive damage awards alone are often in excess of the jurisdictional minimum.  *See Chopourian v. Catholic Healthcare W.*, No. 09CV02972 (KJM), 2012 WL 767196 (E.D. Cal. Feb. 29, 2012) (jury awarded $5,000,000 for non-economic damages for retaliation and $8,000,000 for non-economic damages for wrongful termination, plus $6,250,000 for punitive damages for retaliation and $31,250,000 for punitive damages for wrongful termination); *Simmons*, 209 F.Supp.2d at 1033-34 (noting the value of jury awards of punitive damages in employment discrimination cases including an award for $60,000; an award for $40,000,000; and an award for $121,000,000, as well as an award of $3,500,000 for pain and suffering in an employment discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, No. 2:09cv03279, 2011 WL 7447633 (C.D. Cal. Dec. 7, 2011) (awarding each of six plaintiffs, alleging discrimination and wrongful termination claims, punitive damages ranging between $1,214,000 and $2,043,000 where the plaintiffs' awards for past lost wages ranged between $44,000 and $144,000); *Rodriguez v. Valley Vista Servs., Inc.*, No. BC473793, 2013 WL 2102714 (Cal. Super. Ct. Feb. 15, 2013) (awarding disability discrimination and wrongful

termination plaintiff $7,570,261 from one defendant and $9,000,000 from another defendant where her past economic loss award was only $66,023.)

22. Attorneys' Fees. Plaintiff seeks an award of attorneys' fees. (*See*, *e.g.*, Compl., ¶¶ 31, 39, 47, 56, 63, 70, 77.) Pursuant to statute, attorneys' fees are recoverable by prevailing parties in FEHA claims. Cal. Gov't Code § 12965(b). The Court therefore should consider fees when determining the amount in controversy. *Galt G/S*, 142 F.3d at 1155-56 ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). In employment cases, such as the one at issue here, attorneys' fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *See Simmons*, 209 F.Supp.2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"). Thus, these damages alone can exceed the jurisdictional minimum. *See Flannery v. Prentice*, 26 Cal.4th 572, 576 (2001) (noting that the trial court awarded "$891,042 in fees and expenses for the underlying case and $80,642 in fees and expenses for fee work" in a FEHA case that was affirmed by the Court of Appeal); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 06CV05356 (SI), 2008 WL 928368 (N.D. Cal. Feb. 27, 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case which included a claim for wrongful termination.)

23. Given that Plaintiff seeks all of the above items of damages, in additional to numerous others, it is apparent that, if Plaintiff is successful on all claims she has asserted, she will recover well in excess of the jurisdictional minimum of $75,000 just for lost wages and benefits, emotional distress, punitive damages, and attorneys' fees. Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *Sanchez,* 102 F.3d at 403-04.

30377018_3.docx

8    Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## IV.   SATISFACTION OF THE REQUIREMENTS OF 28 U.S.C. § 1446

24.   In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Los Angeles, is located within the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

25.   In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice of Removal.

26.   In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within 30 days after the initial service of the Complaint on Defendant was completed on June 16, 2017.

27.   In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in Los Angeles County and with the Clerk of the Central District of California.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## V.   CONCLUSION

28.   Because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

29.   In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the Court on the basis for this removal.

30.   For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Central District of California.

30377018_3.docx

9   Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

DATED:  July 14, 2017                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Y. Douglas Yang
        Jack S. Sholkoff
        Y. Douglas Yang

Attorneys for Defendant
C.H. ROBINSON INTERNATIONAL, INC.

10                    Case No. _____

DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT